## TPI COMPENSATION AGREEMENT

This Compensation Agreement (this "Agreement") dated October 31, 2015 is made by and between JPC Charities ("Payor") and TPI Communities I, LLC ("Payee"). For purposes of this Agreement, the term "Payor" shall be deemed to also include Aron, Chaikel and Lieb Puretz, PF Holdings, and any other entity owned or controlled wholly or in part by Aron, Chaikel or Lieb Puretz or PF Holdings. For purposes of this Agreement, the term "Payee" shall be deemed to also include Colony Hills Capital, LLC, David Kaufman and Glenn Hanson and any other entity owned or controlled wholly or in part by Kaufman, Hanson, TPI or Colony.

In recognition of Payee's status as Contract Vendee under that certain Agreement of Purchase and Sale dated April 14, 2014 (as amended) by and between the FARH Entities (collectively, "FARH") and Payee covering those properties listed on **Schedule 1** attached to and made a part of this Agreement ("Schedule 1") and Payor's acknowledgement that such status deserves to be recognized by this Agreement, Payor agrees that if Payor succeeds to any or all of the ownership of the membership interests of FARH (the "Membership Interests"), Payor shall pay Payee Two Million One Hundred Thousand Dollars ($2,100,000.00), or a pro rata share of Two Million One Hundred Thousand Dollars ($2,100,000.00) if Payor succeeds to less than all of the Membership Interests calculated upon the values of the Properties ascribed to the individual Properties on Schedule 1 (the "Pro Rata Share") , as such amount of Two Million One Hundred Thousand Dollars ($2,100,000.000), or the Pro Rata Share if applicable, may be reduced in accordance with the immediately succeeding sentence, simultaneously with the closing of the transfer of all or a portion of Membership Interests to Payor (the "Closing") (the amount payable to Payee under this sentence, the "Payee's Fee"). The Payee's Fee shall be a condition of Closing with FARH. Payor shall cause the Payee's Fee to be set forth on the settlement statement, and Payor will request that FARH sign the settlement statement showing the Payee's Fee. Payor shall provide a copy of the settlement statement containing Payee's Fee to Payee, which Payor may redact to remove other figures. Payee shall notify Payor in writing of the scheduled date for Closing at least ten (10) days prior to the date of Closing and shall again notify the Payor in writing

1

immediately upon the occurrence of the Closing (as indicated by the transfer of funds for the benefit of FARH or its nominee).

Payee acknowledges that Payee has guaranteed that the total amount of the sum of the reserves (the "Reserves") listed on **Schedule 2** attached to and made a part of this Agreement that will become the property of Payor in connection with the Closing shall be not less than One Million Five Hundred Thousand Dollars ($1,500,000.00), or the relevant proportionate share of Reserves for the Portfolio on the date of Closing applied to One Million Five Hundred Thousand Dollars ($1,500,000.00) in the event that some but not all of the Membership Interests are transferred at Closing, and if and to the extent the total amount of the Reserves is less than One Million Five Hundred Dollars ($1,500,000.00) (or the relevant portion of Reserves if applicable), then Payee's Fee shall be reduced on a "dollar for dollar" basis [e.g., regarding a Closing covering the Membership Interests for the entire Portfolio, if the total amount of the Reserves which becomes the property of JPC at Closing is One Million Four Hundred Fifty Thousand Dollars ($1,450,000.00) then Payee's Fee shall be Two Million Fifty Thousand Dollars ($2,050,000.00)].

To secure Payor's obligation to pay Payee the Payee's Fee at Closing, immediately upon full execution of this Agreement, Aron, Chaikel and Lieb Puretz will deliver to Riverside Abstract Company ("Escrow Agent") an executed promissory note in favor of Payee (the "Note") in the form attached as Exhibit A. The Escrow Agent shall hold the Note until it receives notification in writing from either Payor or Payee that the Closing occurred subject to the terms of the immediately succeeding sentence. If Payee has not received payment at the Closing, Payee shall instruct the Escrow Agent to deliver the Note to Payee or its legal counsel and, upon Payee providing Escrow Agent with commercially reasonable evidence in Escrow Agent's reasonable opinion that the Closing in fact occurred, Escrow Agent shall comply with the instructions. If Payee does receive payment at the Closing, Payee shall immediately notify the Escrow Agent in writing that the Note has been satisfied and the Escrow Agent shall then accept instructions from Payor or Payor's counsel with respect to the disposition of the Note. If Payee fails to immediately notify Escrow Agent that the Note has been satisfied, Payor may notify the Escrow Agent in writing together with commercially reasonable evidence in Escrow Agent's

reasonable opinion that the Note has been satisfied and the Escrow Agent shall then accept instructions from Payor or Payor's counsel with respect to the disposition of the Note that the Note has been satisfied and the Escrow Agent shall then accept instructions from Payor or Payor's counsel with respect to the disposition of the Note. All instructions given to the Escrow Agent shall be copied simultaneously to the other party.

If Payor does not succeed to ownership of any of the Membership Interests for any reason, including without limitation any default, willful or otherwise, by any party (i.e., Payor or any other party), Payee waives any and all rights to be paid any amount under this Agreement. Payee waives its right to pursue payment from FARH with regard to all matters discussed in this a Agreement and agrees to pursue payment under this Agreement only from Payor and/or the obligors under the Note. FARH is a third party beneficiary of the terms of the immediately preceding sentence.

[No additional text on this page. Signature page follows.]

Payor and Payee have made this Compensation Agreement as of the date first above written.

**JPC CHARITIES**

By: _/s/ JC_
Name: Jason Cook
Title: President

**PF HOLDINGS**

By: _____
Name:
Title:

_____
Aron Puretz

_____
Chaikel Puretz

_____
Lieb Puretz

**TPI COMMUNITIES I, LLC**

By: _/s/ David Kaufman_
Name: DAVID KAUFMAN
Title: MANAGER

**COLONY HILLS CAPITAL, LLC**

By: _/s/ Glenn Hanson_
Name: Glenn Hanson
Title: Manager

_____
Glenn Hanson

_/s/ David Kaufman_  Manager
David Kaufman

4

Payor and Payee have made this Compensation Agreement as of the date first above written.

**JPC CHARITIES**

By: _____
Name:
Title:

PF HOLDINGS

By: ____*On Puz*_____
Name:
Title:

____*On Puz*_____
Aron Puretz

_____
Chaikel Puretz

_____
Lieb Puretz

**TPI COMMUNITIES I, LLC**

By: _____
Name:
Title:

COLONY HILLS CAPITAL, LLC

By: _____
Name:
Title:

_____
Glenn Hanson

_____
David Kaufman

4

Payor and Payee have made this Compensation Agreement as of the date first above written.

**JPC CHARITIES**

By: _____
Name:
Title:

**PF HOLDINGS**

By: _____
Name:
Title:

_____
Aron Puretz

_____
Chaikel Puretz

_____
Lieb Puretz

**TPI COMMUNITIES I, LLC**

By: _____
Name:
Title:

**COLONY HILLS CAPITAL, LLC**

By: _____
Name:
Title:

_____
Glenn Hanson

_____
David Kaufman

4

## Schedule 1 - THE PROPERTIES

| Property | % Allocation |
|---|---:|
| Capital Place | 11.65% |
| Covington Square | 9.12% |
| Estates at Crystal Bay | 20.36% |
| Fox Club | 14.49% |
| Lakeside Pointe | 20.26% |
| Woodhaven Park | 12.16% |
| Woods at Oak Crossing | 11.96% |
| Total | 100.00% |

## Schedule 2 - THE RESERVES

### BALANCES AS OF JUNE 2015

| Bond/Loan | Insurance | Replacement Reserve | Taxes | MIP | Repair |
|---|---|---|---|---|---|
| Capital Place, Covington Square, Woods at Oak Crossing (9379) | $111,279.21 | $34,821.32 | $(1,110.84) | $-- | |
| Fox Club, Lakeside (9250) | $194,738.17 | $41,013.09 | $(999.47) | $-- | |
| Woodhaven Park (030304122) | $46,702.81 | $298,507.68 | $868.00 | $16,731.69 | $96,796.2: |
| Estates at Crystal Bay (12981) | $117,122.84 | $272,225.77 | $- | $30,477.99 | |
| **Total** | **$469,843.03** | **$646,567.86** | **$(1,242.31)** | **$47,209.68** | **$96,796.2:** |
| | | | | | |
| Total Bonds Escrows | $379,741.48 | | | | |
| Total HUD Escrows | $879,433.01 | | | | |
| TOTAL | $1,259,174.49 | | | | |

6

**EXHIBIT A - FORM OF PROMISSORY NOTE**

PROMISSORY NOTE

Effective as of October 31, 2015

FOR VALUE RECEIVED, the undersigned Aron Puretz, an individual with an address at 1223 East 13th Street, Brooklyn, NY 11230, Chaikel Puretz, an individual with an address at 1223 East 13th Street, Brooklyn, NY 11230, and Lieb Puretz, and individual with an address at 1223 East 13th Street, Brooklyn, NY 11230 (the "Obligors"), promise to pay to the order of Colony Hills Capital, LLC, a Massachusetts limited liability company acting as agent for TPI Communities I, LLC (the "Obligee"), at its address of 2040 Boston Road, Suite 20, Wilbraham, Massachusetts, or at such other place as the Obligee may from time to time designate in writing, the maximum principal sum of Two Million One Hundred Thousand Dollars and no cents ($2,100,000.00) (the "Compensation"). The amount of the Compensation may be reduced in accordance with the terms of the TPIC Compensation Agreement by and between JPC and TPI Communities I, LLC dated October 14, 2015 and attached hereto as Exhibit A (the "Compensation Agreement").

If for any reason JPC Charities or its nominee fails to pay the Compensation to Obligee at the time of the closing of the transaction (the "Closing") between JPC on the one hand and FSR/Tennessee Affordable Housing Foundation, Foundation for Affordable Rental Housing, Inc. ("FARH"), FARH-Fox Lake Affordable Housing, Inc. ("FARH-FOX"), FARH-South Affordable Housing, Inc. ("FARH-SOUTH"), FARH-West Affordable Housing, Inc. ("FARH-WEST") and Gulf Coast Housing Assistance Corp. (collectively, the "Sellers") on the other, made and entered into as of July 31, 2015, and/or upon the closing of any other transaction whereby JPC, Obligors or any other person or entity affiliated with JPC or Obligors succeed to ownership of the Membership Interests of some or all of the Sellers, Obligors shall immediately and with due diligence pay the full amount of the Compensation to Obligee. If JPC Charities or its nominee pays the Compensation to Obligee, this Promissory Note shall be returned to Obligors and shall be of no further force and effect. A necessary component of the meaning of term "Closing" is JPC, Obligors or any other person or entity affiliated with JPC or Obligors succeeding to ownership of the Membership Interests of some or all of the Sellers.

If Compensation is not paid to Obligee at the Closing, then Obligors will absolutely and without offset owe Obligee, pursuant to this Promissory Note, the Compensation amount, plus interest accruing on the unpaid amount of Compensation from the day following the Closing and continuing until the Promissory Note is paid in full (the "Interest Period") at seven percent (7%) per annum.

7

This Promissory Note shall be paid in a single lump sum payment of the Compensation. All payments hereunder shall be payable in lawful money of the United States which shall be legal tender for public and private debts at the time of payment. Payments shall be applied first to accrued but unpaid interest and then to principal.

The Obligors will pay on demand all costs and expenses, including attorneys' fees, incurred or paid by the Obligee in enforcing or collecting any of the obligations of the Obligors hereunder.

All notices required or permitted to be given hereunder shall be in writing and shall be effective when mailed, postage prepaid, by registered or certified mail, or sent by a nationally recognized overnight mail service, or delivered by hand, to the address set forth herein for Obligors or Obligee respectively, or to such other address as either the Obligors or the Obligee may from time to time specify by like notice.

All of the provisions of this Promissory Note shall be binding upon and inure to the benefit of the Obligors and the Obligee and their respective heirs, devisees, representatives, successors and assigns.

All references herein to "Obligors" shall mean the Obligors hereunder or any of them. All of the obligations and liability of said Obligors hereunder shall be joint and several. Suit may be brought against said Obligors, jointly and severally, or against any one or more of them or less than all of them, without impairing the rights of Obligee against the others of said Obligors; and Obligee may compound with any one or more of said Obligors for such sums or sum as it may see fit and/or release a portion of said Obligors from all further liability to Obligee for any Compensation without impairing the right of Obligee to demand and collect the balance of such Compensation from the others of said Obligors not so compounded with or released; but it is agreed among said Obligors themselves, however, that such compounding and release shall in no way impair the rights of said Obligors as among themselves

The liability of Obligors to pay the Compensation to Obligee shall be absolute and unconditional if JPC Charities or its nominee fails to pay the Compensation to Obligee at the Closing. The liability of Obligors shall not be modified, changed, released, limited or impaired in any manner whatsoever on account of any or all of the following: (a) the incapacity, death or disability of Obligors or any other person or entity; (b) the failure by Obligee to file or enforce a claim against the estate (either in administration, bankruptcy or other proceeding) of Obligors or any other person or entity; (c) recovery from Obligors or any other person or entity becomes barred by any statute of limitations or is otherwise prevented; (d) any defenses, set-offs or counterclaims which may be available to Obligors or any other person or entity (other than the actual payment of the Adjusted Compensation); (e) any transfer or transfers of any of the property listed in the TPI Compensation

8

Agreement; (f) any impairment, modification, change, release or limitation of the liability of, or stay of actions or lien enforcement proceedings against, Obligors, their property, or their estates in bankruptcy resulting from the operation of any present or future provision of the Bankruptcy Code (as defined in the Instrument) or any other present or future federal or state insolvency, bankruptcy or similar law.

No delay or omission on the part of the Obligee in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Obligee, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of New York. This Promissory Note may only be modified, waived, altered or amended by a written instrument or instruments executed by Obligee. Any alleged modification, waiver, alteration or amendment which is not so documented shall not be effective. A determination that any provision of this Promissory Note is unenforceable or invalid shall not affect the enforceability or validity of any other provision and any determination that the application of any provision of this Promissory Note to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

EACH OF THE OBLIGORS AND THE OBLIGEE HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS NOTE, ANY OF THE OBLIGATIONS OF THE OBLIGORS, AND ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREES NOT TO SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN, WAIVED. THE OBLIGORS CERTIFY THAT NEITHER THE OBLIGEE NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE OBLIGEE WOULD NOT SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY IN THE EVENT OF ANY SUCH PROCEEDING.

[Signatures on following pages]

Case 1:17-cv-04993-ARR-VMS   Document 21-7   Filed 01/12/18   Page 12 of 17 PageID #: 268

IN WITNESS WHEREOF, the Obligors have executed and delivered this Promissory Note, under seal, on the day and year first above written.

OBLIGOR:

_____
Name: Aron Puretz
Address:

IN WITNESS WHEREOF, the Obligors have executed and delivered this Promissory Note, under seal, on the day and year first above written.

OBLIGOR:

_____
Name: Chaikel Puretz
Address:

IN WITNESS WHEREOF, the Obligors have executed and delivered this Promissory Note, under seal, on the day and year first above written.

OBLIGOR:

_____
Name: Lieb Puretz
Address:

### EXHIBIT A - FORM OF PROMISSORY NOTE

### PROMISSORY NOTE

Effective as of October 23, 2015

FOR VALUE RECEIVED, the undersigned **Aron Puretz**, an individual with an address at 1223 East 13th Street, Brooklyn, NY 11230, **Chaikel Puretz**, an individual with an address at 1223 East 13th Street, Brooklyn, NY 11230, and **Lieb Puretz**, and individual with an address at 1223 East 13th Street, Brooklyn, NY 11230 (the "Obligors"), promise to pay to the order of Colony Hills Capital, LLC, a Massachusetts limited liability company acting as agent for TPI Communities I, LLC (the "Obligee"), at its address of 2040 Boston Road, Suite 20, Wilbraham, Massachusetts, or at such other place as the Obligee may from time to time designate in writing, the maximum principal sum of Two Million One Hundred Thousand Dollars and no cents ($2,100,000.00) (the "Compensation"). The amount of the Compensation may be reduced in accordance with the terms of the TPIC Compensation Agreement by and between JPC and TPI Communities I, LLC dated October 14, 2015 and attached hereto as Exhibit A (the "Compensation Agreement").

If for any reason JPC Charities or its nominee fails to pay the Compensation to Obligee at the time of the closing of the transaction (the "Closing") between JPC on the one hand and FSR/Tennessee Affordable Housing Foundation, Foundation for Affordable Rental Housing, Inc. ("FARH"), FARH-Fox Lake Affordable Housing, Inc. ("FARH-FOX"), FARH-South Affordable Housing, Inc. ("FARH-SOUTH"), FARH-West Affordable Housing, Inc. ("FARH-WEST") and Gulf Coast Housing Assistance Corp. (collectively, the "Sellers") on the other, made and entered into as of July 31, 2015, and/or upon the closing of any other transaction whereby JPC, Obligors or any other person or entity affiliated with JPC or Obligors succeed to ownership of the Membership Interests of some or all of the Sellers, Obligors shall immediately and with due diligence pay the full amount of the Compensation to Obligee. If JPC Charities or its nominee pays the Compensation to Obligee, this Promissory Note shall be returned to Obligors and shall be of no further force and effect. A necessary component of the meaning of term "Closing" is JPC, Obligors or any other person or entity affiliated with JPC or Obligors succeeding to ownership of the Membership Interests of some or all of the Sellers.

If Compensation is not paid to Obligee at the Closing, then Obligors will absolutely and without offset owe Obligee, pursuant to this Promissory Note, the Compensation amount, plus interest accruing on the unpaid amount of Compensation from the day following the Closing and continuing until the Promissory Note is paid in full (the "Interest Period") at seven percent (7%) per annum.

7

This Promissory Note shall be paid in a single lump sum payment of the Compensation. All payments hereunder shall be payable in lawful money of the United States which shall be legal tender for public and private debts at the time of payment. Payments shall be applied first to accrued but unpaid interest and then to principal.

The Obligors will pay on demand all costs and expenses, including attorneys' fees, incurred or paid by the Obligee in enforcing or collecting any of the obligations of the Obligors hereunder.

All notices required or permitted to be given hereunder shall be in writing and shall be effective when mailed, postage prepaid, by registered or certified mail, or sent by a nationally recognized overnight mail service, or delivered by hand, to the address set forth herein for Obligors or Obligee respectively, or to such other address as either the Obligors or the Obligee may from time to time specify by like notice.

All of the provisions of this Promissory Note shall be binding upon and inure to the benefit of the Obligors and the Obligee and their respective heirs, devisees, representatives, successors and assigns.

All references herein to "Obligors" shall mean the Obligors hereunder or any of them. All of the obligations and liability of said Obligors hereunder shall be joint and several. Suit may be brought against said Obligors, jointly and severally, or against any one or more of them or less than all of them, without impairing the rights of Obligee against the others of said Obligors; and Obligee may compound with any one or more of said Obligors for such sums or sum as it may see fit and/or release a portion of said Obligors from all further liability to Obligee for any Compensation without impairing the right of Obligee to demand and collect the balance of such Compensation from the others of said Obligors not so compounded with or released; but it is agreed among said Obligors themselves, however, that such compounding and release shall in no way impair the rights of said Obligors as among themselves

The liability of Obligors to pay the Compensation to Obligee shall be absolute and unconditional if JPC Charities or its nominee fails to pay the Compensation to Obligee at the Closing. The liability of Obligors shall not be modified, changed, released, limited or impaired in any manner whatsoever on account of any or all of the following: (a) the incapacity, death or disability of Obligors or any other person or entity; (b) the failure by Obligee to file or enforce a claim against the estate (either in administration, bankruptcy or other proceeding) of Obligors or any other person or entity; (c) recovery from Obligors or any other person or entity becomes barred by any statute of limitations or is otherwise prevented; (d) any defenses, set-offs or counterclaims which may be available to Obligors or any other person or entity (other than the actual payment of the Adjusted Compensation); (e) any transfer or transfers of any of the property listed in the TPI Compensation

8

Agreement; (f) any impairment, modification, change, release or limitation of the liability of, or stay of actions or lien enforcement proceedings against, Obligors, their property, or their estates in bankruptcy resulting from the operation of any present or future provision of the Bankruptcy Code (as defined in the Instrument) or any other present or future federal or state insolvency, bankruptcy or similar law.

No delay or omission on the part of the Obligee in exercising any right hereunder shall operate as a waiver of such right or of any other right of the Obligee, nor shall any delay, omission or waiver on any one occasion be deemed a bar to or waiver of the same or any other right on any future occasion.

This Promissory Note shall be governed by and construed in accordance with the laws of the State of New York. This Promissory Note may only be modified, waived, altered or amended by a written instrument or instruments executed by Obligee. Any alleged modification, waiver, alteration or amendment which is not so documented shall not be effective. A determination that any provision of this Promissory Note is unenforceable or invalid shall not affect the enforceability or validity of any other provision and any determination that the application of any provision of this Promissory Note to any person or circumstance is illegal or unenforceable shall not affect the enforceability or validity of such provision as it may apply to any other persons or circumstances.

**EACH OF THE OBLIGORS AND THE OBLIGEE HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY, AND AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS NOTE, ANY OF THE OBLIGATIONS OF THE OBLIGORS, AND ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREES NOT TO SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CAN NOT BE, OR HAS NOT BEEN, WAIVED. THE OBLIGORS CERTIFY THAT NEITHER THE OBLIGEE NOR ANY OF ITS REPRESENTATIVES, AGENTS OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THE OBLIGEE WOULD NOT SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY IN THE EVENT OF ANY SUCH PROCEEDING.**

[Signatures on following pages]

**OBLIGOR:**

Name: Lieb Puretz
Address: 1877 E 9 ST
11223

STATE OF NEW YORK

COUNTY KINGS ss.

On this 27 day of OCT., 2015, before me, the undersigned notary public, personally appeared **Lieb Puretz**, proved to me through satisfactory evidence of identification, which was _____, to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose and is the free act and deed.

MORRIS ISAAC SABBAGH
Notary Public, State of New York
No. 01SA6071987
Qualified in Kings County
Commission Expires March 25, 2018

11

IN WITNESS WHEREOF, the Obligors have executed and delivered this Promissory Note, under seal, on the day and year first above written.

**OBLIGOR:**

_____
Name: Aron Puretz
Address:

STATE OF _____

_____, ss.

On this ___ day of _____, 2015, before me, the undersigned notary public, personally appeared **Aron Puretz**, proved to me through satisfactory evidence of identification, which was _____, to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose and is the free act and deed.

**OBLIGOR:**

_____
Name: Chaikel Puretz
Address:

STATE OF _____

_____, ss.

On this ___ day of _____, 2015, before me, the undersigned notary public, personally appeared **Chaikel Puretz**, proved to me through satisfactory evidence of identification, which was _____, to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose and is the free act and deed.